```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

**ANN MARIE CURRAN,**

        Plaintiff,

  vs.                                         Civil Action 2:09-CV-219
                                                      Judge Frost
                                                      Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

        Defendant.

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. This matter is now before the Court on plaintiff's *Statement of Specific Errors*, Doc. No. 19,[1] the Commissioner's *Memorandum in Opposition*, Doc. No. 20, and plaintiff's *Reply*, Doc. No. 21.

### Procedural History

Plaintiff Ann Marie Curran filed her current applications for benefits on August 22, 2006, alleging that she has been disabled since 2002 as a result of "deterioration of jaw bone, nerve damage left side of face." A.R. 229. The applications were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an

---

[1]Plaintiff, whose *Statement of Specific Errors* is 50 pages long, is reminded that the local rules of this Court prohibit memoranda exceeding 20 pages in length unless accompanied by "a combined table of contents and a succinct, clear and accurate summary, not to exceed five (5) pages, indicating the main sections of the memorandum, the principal arguments and citations to primary authority . . . ." S.D. Ohio Civ. P. 7.2(a)(2).

administrative law judge.

On June 13, 2008, plaintiff, represented by counsel, appeared and testified at the administrative hearing, as did plaintiff's son and Eugene Czuczman, who testified as a vocational expert.  In a decision dated September 22, 2008, the administrative law judge found that plaintiff's severe impairments consist of degenerative cervical disc disease, status post discectomy at C5-6, chronic jaw pain status post temporomandibular joint surgery, status post thyroidectomy, depression, anxiety and alcohol abuse.  A.R. 32.  The administrative law judge went on to find that plaintiff's impairments neither meet nor equal a listed impairment and leave her with the residual functional capacity to perform a limited range of sedentary work.  A.R. 34.  Although this residual functional capacity precludes the performance of plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff can nevertheless perform work that exists in significant numbers in the national economy.  A.R. 38 – 38.  The administrative law judge therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act.

That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on February 5, 2009.

**Standard**

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir.

2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *Tyra v. Sec'y of Health & Human Servs.,* 896 F.2d 1024, 1028 (6th Cir. 1990)(citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff contends that the administrative law judge erred in his credibility analysis, that the residual functional capacity assessment of the administrative law judge failed to consider all of plaintiff's medically ascertainable impairments and that the administrative law judge failed to follow the "treating physician rule." *See Statement of Specific Errors*. The Court concludes that the administrative law judge's evaluation of plaintiff's credibility and, consequently, his evaluation of the opinions of plaintiff's treating physician, were flawed.

**Evidence**

Plaintiff Ann Marie Curran was 43 years of age at the time the

3

administrative law judge issued his decision. She has a high school education and additional vocational training as a cosmetologist and a nurse's aide, as well as training in the areas of banking and bookkeeping. A.R. 63. She has prior relevant work experience as a cashier, clerk, teller and nurse's aide. A.R. 63-64. She has not worked since her alleged date of onset. Her insured status, for purposes of disability insurance benefits, lapsed on December 31, 2007. A.R. 30.

The evidence relating to plaintiff's impairments, both physical and mental, is voluminous. Gabriel Sella, M.D., who conducted a consultative examination of plaintiff at the request of the state agency in December 2006, summarized plaintiff's physical impairments as follows:

> The examinee's allegations are those of neck pain, right arm pain, weak immune system, jaw pain and function loss in face and right side of throat[,] nerve damage with difficulty swallowing.
> With regards to the neck pain, she had cervical disc removal at C5-C6 in May 2006. She had the right thyroid lobe removed in 2003. The pain is credible. It may also be secondary to the severe TMJ damage and pain. She had several surgeries for her TMJ followed by severe complications and finally reconstruction on the jaws with the help of a rib. She has difficulty opening her mouth and she is losing teeth constantly related to an auto-immune response post Teflon implant. This enhances her neck pain.
> With regards to the shoulder pain, she has right shoulder pain since 2003. She has reduced [range of motion] and strength and the pain is credible. She had bilateral carpal tunnel surgeries in 2003.
> With regards to the weak immune system, she describes easy staphylococcal infections related to surgeries. There is no documentation on chart but the examinee is credible.
> With regards to the pain in the jaw and function loss in the face, . . . [s]he has an asymmetry of her face related to the jaw surgeries. Furthermore, she had temporalis muscle flaps placement above the TMJ with poor results.

> With regards to the nerve damage on the right side of the throat and the difficulty swallowing, she has dystonia and her voice is quite low. She described right recurrent laryngeal nerve damage during the thyroid surgery of 2003.

A.R. 529.

George P. Naum, III, D.O., a specialist in family practice and pain management who has treated plaintiff since December 2006, A.R. 551, has prescribed medication, including Vicodin, Flexeril and Neurontin, for chronic facial and jaw pain. *E.g.*, A.R. 545, 547, 549, 550, 552, 788, 789, 790, 792-95, 798.

Plaintiff testified that she is incapacitated by pain. ". . . I have a hard time with a lot of pain, which ends up I can't concentrate." A.R. 62. In describing the pain in her head, plaintiff testified, "It feels like it's exploding from the inside out." A.R. 94. Plaintiff's son testified that his mother's "neck hurts her. Her shoulders hurt. I know that, and she'll need to stand. Even when she's standing, she can't stand for very long. Usually it's – she's up and down." A.R. 101.

In June 2007, Dr. Naum reported to plaintiff's attorney that plaintiff is "completely and totally disabled."

> Her disabling diagnoses include chronic cervical pain, chronic [bilateral] jaw pain, dysphasia [secondary] to nerve damage caused by a lumpectomy of the thyroid, hoarseness caused by same, chronic [bilateral] jaw pain [secondary] to 9 surgeries on her jaws, severe GERD and asthma. She also has chronic anxiety and insomnia directly related to these above diagnoses which are also disabling.
> The chronic cervical pain and upper extremity pain and weakness limit everything she does occupationally and with activities of daily life. She takes Vicodin and Flexeril daily which have side effects that impair judgment and cognitive function as well as sedate her. Her chronic

> [bilateral] jaw pain is incapacitating when severe and prohibits her from eating except with a straw. Couple that with her dysphagia that occurred as a result of her thyroid surgery and she often time gets malnourished. What she does get down nutritionally can often flare up her GERD for which she take Nexium that often causes diarrhea. The pain itself which is uncontrolled at times causes a decrease in appetite. Seasonally (fall and spring especially) she has difficulty with her asthma. Temperature changes and humidity also affect it.
> The fibromyalgia which is [secondary] to her surgeries cause sleep disorder, insomnia, weakness, chronic pain and muscle spasticity. It also causes mental exhaustion and cognitive dysfunction. It is treated with Vicodin, Fexeril, Restoril and Lyrica, again which all cause sedation, fatigue and occasional cognitive dysfunction which makes work let alone [activities of daily living] nearly impossible to carry out.

A.R. 569-70. According to Dr. Naum, plaintiff can lift less than 10 pounds only occasionally, can stand or walk less than 2 hours and can sit less than 6 hours in an 8 hour workday, and must periodically alternate between sitting and standing on account of pain. A.R. 572. She can never climb, balance, stoop, kneel, crouch or crawl, A.R. 573, and has limited ability to reach, handle and finger. A.R. 574.

### Administrative Decision

Although the administrative law judge agreed that plaintiff's severe TMJ impairment, and reconstructive surgeries, have resulted "in some jaw pain, the claimant appears to be exaggerating the extent of the pain as well as functional limitations." *Id.* In making his credibility assessment, the administrative law judge referred to hospital records related to two motor vehicle accidents and to Dr. Naum's own treatment records. The administrative law judge relied greatly on one particular office note:

> One telling treatment note was on February 9, 2007,

> when the claimant reported that she had no pain, but needed a paper signed by Dr. Naum that she cannot work in order for her insurance to pay her car payment, evidencing a significant secondary gain motivation by the claimant and a doctor who apparently will provide necessary paperwork to support disability claims that lack any significant objective support. This greatly detracts from the weight given to Dr. Naum's various [medical source statement] assessments, all of which lack significant objective support and are based primarily upon the claimant's exaggerated subjective complaints.

A.R. 35.  In fact, however, Dr. Naum's office notes for that date, A.R. 547-48, indicate that plaintiff characterized her facial and jaw pain as "'6-7' on 0/10 scale." *Id.*

The administrative law judge gave "little to no weight" to Dr. Naum's opinions "since they lack objective support in the longitudinal medical evidence of record and are based primarily upon the claimant's subjective complaints that are not very credible."  A.R. 34.

Instead, the administrative law judge gave "much greater weight" to the residual functional capacity assessment of the state agency reviewing physician. A.R. 236.  Although that non-examining physician opined that plaintiff is able to perform a range of medium work with no more than occasional overhead reaching on the right, A.R. 531-38, the administrative law judge – "giving the claimant the absolute maximum benefit of the doubt regarding her subjective complaints . . ., even though they appear to be significantly exaggerated for secondary gain," – found that plaintiff is limited to a reduced range of sedentary work. A.R. 36.

The administrative law judge made no specific reference to the evaluation of Dr. Sella, the consultative examiner who found plaintiff's allegations of pain to be "credible."  A.R. 529.

7

**Discussion**

Subjective complaints of disabling pain must be supported by objective medical evidence in order to serve as a basis for a finding of disability.  *Arnett v. Comm'r of Soc. Sec.,* 76 Fed.Appx. 713, 716 (6th Cir. 2003); *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230 (6th Cir. 1993).  *See also* 42 U.S.C. §423(d)(5)(A).  In evaluating subjective complaints of disabling pain, the Court looks to the record to determine whether there is objective medical evidence of an underlying medical condition.  If so, then, the Court must determine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.  *Stanley v. Secretary of Health and Human Services,* 39 F.3d 115, 117 (6th Cir. 1994), citing *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating complaints of pain, an administrative law judge may properly consider the claimant's credibility.  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Id.* citing *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987).  In all events, however, the credibility assessment must enjoy substantial support in the evidence. *Id.* citing *Beavers v. Sec'y of Health, Educ. and Welfare,* 577 F.2d 383, 386-87 (6th Cir. 1978). When a claimant's testimony conflicts with medical records and other evidence, an administrative law

8

judge may properly discount the claimant's testimony. *Id.* "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

This Court concludes that the administrative law judge's assessment of plaintiff's credibility is not supported by substantial evidence. The administrative law judge mischaracterized the treatment note that he found to be "telling" in this regard and wholly failed to consider Dr. Sella's opinion that plaintiff's allegations of pain are "credible." Because this flawed credibility assessment formed the basis of the administrative law judge's according "little to no weight" to Dr. Naum's opinions regarding his patient, the Court also concludes that the administrative law judge failed to properly evaluate the opinions of this treating physician. *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004)(opinions of treating physicians must be accorded controlling weight if they are well-supported and not inconsistent with the other substantial evidence in the record). It follows, then, that the decision of the Commissioner must be reversed.

Plaintiff asks that the matter be remanded to the Commissioner with directions for the grant of benefits. *Statement of Specific Errors*, at 49. The Court declines to so recommend. It is true that the administrative law judge failed to properly evaluate plaintiff's credibility and her treating provider's opinions of disability. However, where, as here, there exists conflicting evidence relevant to the proper resolution of plaintiff's claim, the matter must be remanded for further

proceedings by the Commissioner, whose duty it is to resolve such conflicts. *Faucher v. Sec'y of Health and Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

It is therefore **RECOMMENDED** that the decision of the Commissioner be reversed and that this action be remanded to the Commissioner for further proceedings.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 3, 2010                    *s/Norah McCann King*
                                   Norah McCann King
                                   United States Magistrate Judge