## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ANN MARIE CURRAN,

        **Plaintiff,**

      **v.**                          **Case no. 2:09-CV-219**
                                             **JUDGE FROST**
                                             **MAGISTRATE JUDGE KING**

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        **Defendant.**

### REPORT AND RECOMMENDATION

        This matter is before the Court for consideration of Plaintiff's *Application for Attorney's Fees*, Doc. No. 33 ; the Commissioner's *Motion to Dismiss* that application, Doc. No. 34; and Plaintiff's *Motion Regarding Attorney's Fees*, Doc. No. 36.  For the reasons that follow, it is recommended that Plaintiff's *Application for Attorney's Fees* be denied; that the Commissioner's *Motion to Dismiss* be granted; that Plaintiff's *Motion Regarding Attorney's Fees* be granted and that Plaintiff be permitted to renew her request for attorney's fees.

### I.

        On August 23, 2010, the decision of the Commissioner was reversed and this matter was ordered remanded, pursuant to Sentence 4 of 42 U.S.C. §405(g), for further proceedings.  *Order*, Doc. No. 31; *Judgment,* Doc. No. 32.  On September 2, 2010, Plaintiff filed her *Application for Attorney's Fees*, seeking $17,051.56 pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412.  On September 22, 2010, the Commissioner filed the *Motion to Dismiss* that application without prejudice or, in the alternative, to set a response date consistent with the EAJA. Plaintiff thereafter filed her *Motion Regarding Attorney's Fees*, Doc. No. 36.   The Court now

addresses the merits of these motions.

**II.**

The Commissioner argues that Plaintiff's *Application for Attorney's Fees* pursuant to the EAJA is premature because it was filed prior to the expiration of the Commissioner's time to file an appeal from the final judgment entered in this action.  *Motion to Dismiss*, at 3-4.  *See* Fed. R. App. P. 4(a)(1)(B).  *See also* 28 U.S.C. §§ 2412(d)(1)(B); 2412(d)(2)(G).  The Commissioner asks that Plaintiff's *Application for Attorney's Fees* therefore be dismissed as premature or, in the alternative, that the Commissioner be given the full statutory period to respond to the application.[1]  On January 5, 2011, Plaintiff filed her *Motion Regarding Attorney's Fees*, asking either that her earlier *Application for Attorney's Fees* be regarded as unopposed or that she be permitted to renew her request for fees.   In response, the Commissioner indicated that he awaited the resolution of the *Motion to Dismiss* before responding to Plaintiff's request for fees.  *Defendant's Response to Plaintiff's Motion Regarding Attorney's Fees,* Doc. No. 37.

Plaintiff's *Application for Attorney's Fees* was indeed prematurely filed.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)(where a Social Security disability appeal is remanded under sentence 4 of § 405(g), the time for filing an application for fees under the EAJA "begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable").  Thus, the Commissioner's *Motion to Dismiss* is meritorious.  Nevertheless, that defect has now, with the passage of time, been remedied.  Accordingly, to the extent that Plaintiff's *Motion Regarding Attorney's Fees* seeks leave to renew her application, that motion is likewise meritorious.

**III.**

---

[1]Plaintiff has no objection to this alternative request.  *Plaintiff's Response*, Doc. No. 35.

It is therefore **RECOMMENDED** that the Commissioner's *Motion to Dismiss*, Doc. No 34, be granted; that Plaintiff's *Application for Attorney's Fees*, Doc. No. 33, be denied; and that Plaintiff's *Motion Regarding Attorney's Fees*, Doc. No. 36, be granted in part.  It is specifically **RECOMMENDED** that Plaintiff be permitted to renew her application for attorney's fees, and that the parties be permitted to brief that application in accordance with the local rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


    *s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

May 19, 2011
Date

3